## 34806. INGRAM v. WARREN et al.

HILL, Justice

This is a suit in equity by a creditor to cancel a deed from the debtor to the debtor's nephew.

The defendant James Otis Warren shot the plaintiff, Ms. Ingram, in the stomach on October 14, 1973. According to admitted allegations, on September 16, 1974, Ms. Ingram's attorney made demand for damages upon James Otis Warren, and thereafter his nephew, defendant Roosevelt Warren, as attorney for his uncle, commenced settlement negotiations.

James Otis Warren's father died on March 9, 1974. On November 4, 1974, Roosevelt Warren's father, as executor of his father's estate, executed a deed to 53 acres of land to James Otis Warren. On November 8, 1974, defendant James Otis Warren executed a deed to that 53 acres to defendant Roosevelt Warren. Both deeds were prepared by Roosevelt Warren. The first deed was prepared by him as attorney for the estate. The second deed recited as consideration ten dollars and other good and valuable consideration. Both deeds were filed for recording on February 5, 1975.

A consent judgment for $5,000 was entered into as settlement of the shooting claim. This suit by Ms. Ingram to set aside the November 8, 1974 deed between the two defendants was filed in September, 1976. At trial evidence as to the foregoing facts was introduced. In addition it was admitted that except for the real property in issue here, James Otis Warren was insolvent throughout the period mentioned. He testified on cross examination that he was in his nephew's debt and "I saw that I never was going to get it [the 53 acres], so I let him come into possession of that." In addition, James Otis Warren gave testimony indicating that he never saw the executor's deed and "never signed anything," but

Roosevelt Warren's testimony contradicted this last testimony.

In explanation of how he was in his nephew's debt, James Otis Warren testified that Roosevelt Warren had been taking care of him since 1969. He also testified that he lived in Florida until 1973 when he returned to Georgia to look after his disabled father.

At the close of plaintiff's presentation, the trial court sustained the defendant's motion for directed verdict, noting that a deed by an insolvent debtor not for value or consideration is void (Code Ann. § 28-201), that this deed recited ten dollars and other valuable consideration, that there was no evidence of the actual consideration except Roosevelt Warren had represented James Otis Warren in all his matters, that there was no evidence as to the value of the 53 acres, and that there was no proof of fraud. We reverse the direction of the verdict.[1]

This was a suit to set aside a deed from James Otis Warren to Roosevelt Warren. There was evidence, introduced without objection, that James Otis Warren did not sign that deed. See Code Ann. § 81A-115 (b). Thus the jury would have been authorized to find the deed invalid. Hence it was error to direct a verdict against the plaintiff.

Because this case must be retried and some of the defects noted by the trial judge may be cured, we did not find it necessary to express our obiter views here as to the sufficiency of the circumstantial evidence relating to fraud, the interpretation of the testimony of a party, the burden of going forward with the evidence, if any, etc.

*Judgment reversed. All the Justices concur.*

SUBMITTED AUGUST 20, 1979 — DECIDED SEPTEMBER 10, 1979.

*Eva L. Sloan,* for appellant.

---

[1]The trial court did not err in overruling the plaintiff's motion to strike the defendant's answer based on the ground that it was not timely filed. The evidence on this point was conflicting and hence there was evidence to support the trial court's ruling.

*Roosevelt Warren,* for appellees.